# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

SHARON A BURK,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

    Defendant.

Case No. 10-CV-542-FHM

## OPINION AND ORDER

Plaintiff, Sharon A. Burk, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to determining whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept

---

[1] Plaintiff's January 29, 2006, application for disability benefits was denied initially and on reconsideration. A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held May 21, 2009. By decision dated June 22, 2009, the ALJ entered the findings that are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on June 25, 2010. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## **Background**

Plaintiff was 50 years old at the time of alleged onset of disability and 53 on the date last insured, December 31, 2006. She formerly worked as cashier and supply technician. She claims to have been unable to work since June 1, 2004 as a result of degenerative lumbar and cervical disk disease, morbid obesity, carpal tunnel syndrome, affective disorder, and anxiety disorder.

## **The ALJ's Decision**

The ALJ determined that from the date of alleged onset, June 1, 2004, through the date last insured, December 31, 2006, Plaintiff had the residual functional capacity (RFC) to perform the full range of light work in that she can lift 20 pounds occasionally and 10 pounds frequently. She can stand/walk, or sit for 6 hours of an 8 hour workday. She has the use of her hands and feet and no restrictions on her postural actions or vision, and no environmental restrictions. No work-related limitations arise from her affective disorder. [Dkt. 10-2, p. 14]. Based on the testimony of a vocational expert, the ALJ found that Plaintiff can return to either of her past relevant jobs. The case was thus decided at step

2

four of the five-step evaluative sequence for determining whether Plaintiff is disabled. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ's determination is not supported by substantial evidence. Specifically, Plaintiff argues that the ALJ: did not consider all of Plaintiff's impairments at steps 2 and 3 of the sequential evaluation process; did not consider the effects of all of Plaintiff's impairments on her ability to return to her past work; and failed to perform a proper credibility analysis.

## Analysis

### Consideration of Impairments at Steps 2 and 3

There is no merit to Plaintiff's argument that the ALJ failed to properly consider Plaintiff's mental impairment, neck and leg complaints, or her grip strength.

Plaintiff's citations to the record concerning her mood disorder and depression contain reports generated during the relevant time frame in which Plaintiff reported she was doing "good" or "fine," that medication was helping, and she had no medication side effects. [Dkt. 10-7, pp. 55-56, 63, 67, 79, 118, 143]. These citations to the record demonstrate that Plaintiff was diagnosed with depression, but do not demonstrate the existence of functional limitations resulting from her alleged mental impairments during the relevant time frame.

The ALJ followed the procedure for evaluating mental impairments set forth in the regulations and, as required, documented the application of the procedure, known as the psychiatric review technique (PRT), in his decision. 20 C.F.R. §§ 404.1520a(e),

416.920a(e), *Carpenter v. Astrue*, 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Depot of Health & Human Servs.*, 49 F.3d 614, 617 (10th Cir. 1995) (same).

The ALJ considered the effect of Plaintiff's alleged mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation of extended duration. [Dkt. 10-2, p. 13]. In considering these "paragraph B" criteria, the ALJ found that Plaintiff has mild restrictions in activities of daily living; mild difficulties in social functioning; mild difficulties in concentration, persistence or pace; and no episodes of decompensation. *Id*. The Commissioner's regulations provide that where mental impairments cause no more than mild limitations in the first three of the functional areas of the "paragraph B" criteria and there are no episodes of decompensation of extended duration, the claimant's mental limitation is generally considered non-severe. 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). A non-severe impairment is one that causes no more than a minimal limitation on the ability to do work-related activities. The ALJ's finding that Plaintiff's mental impairment was non-severe was thus made in accordance with the regulations. Further, that finding is supported by substantial evidence as the agency consultant reviewing the record came to the same conclusion.[2] [Dkt. 10-8, p. 112, ].

Plaintiff asserts that the ALJ erred in his step 3 analysis by stating Plaintiff "does not have the . . . lumbar spinal stenosis resulting in an inability to ambulate effectively that are

---

[2] Although the ALJ is not bound by the findings made by State agency medical or psychological consultants, the regulations instruct that these consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence. 20 C.F.R. § 404.1527(f)(2)(I); 20 C.F.R. § 416.927(f)(2)(I)

4

the means of meeting or equaling listing requirements" under listing §1.04. [Dkt. 16, p. 4] Plaintiff also asserts that the ALJ miscast the evidence concerning Plaintiff's use of an assistive device (cane) to walk. There is no merit to these contentions.

The Listing of Impairments (listings) describe, for each of the major body systems, impairments which are considered severe enough to prevent a person from performing any gainful activity. It is well established that it is Plaintiff's burden to show that her impairment is equivalent to a listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). It is also well established that *all* of the specified medical criteria must be matched to meet a listing. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988). The issue in considering listing requirements (and in the entire disability process) is not the existence of a diagnosis or condition, but the resulting work-related functional limitations imposed by the condition.

The medical record in this case establishes the existence of some spinal stenosis, but it does not establish the functional limitations required to meet the listing. Listing § 1.04C requires:

> Lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

The ability to ambulate effectively is defined in 1.00B2b as sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living and to be able to travel without companion assistance. Some examples of ineffective ambulation are the inability to walk without the use of a walker, two crutches or two canes, and the inability to

walk a block at a reasonable pace. 20 C.F.R. Pt. 404, Subpt. P, App. 1, §1.00(B)(2)(b). The record does not establish that Plaintiff is unable to ambulate effectively.[3] The consultative examiner observed that Plaintiff had a normal gait and did not need a cane for ambulation. He described her as having a strong and steady gait. [Dkt. 10-8, p. 18].

Within her arguments about the ALJ's analysis of listing § 1.04, Plaintiff also asserts that the ALJ "ignores important portions of the evidence when he discusses Claimant's grip strength." [Dkt. 16, p. 4]. Since grip strength plays no part in that listing, the court interprets Plaintiff's statement as referring to the absence of any limitation in the RFC related to grip strength. With regard to the RFC, the ALJ noted that on June 1, 2006, the consultative examiner's finding that Plaintiff's grip strength was 5/5, that she was able to do both gross and fine manipulation with her hands, and that she had full range of motion in all extremities. [Dkt. 10-2, p. 16]. The ALJ did not mention the treating physician's note that on February 28, 2006, her grip strength was 4/5. [Dkt. 10-10, p. 59]. However, the ALJ is not required to discuss every piece of evidence. Instead, "in addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir.1996). The February grip strength

---

[3] The transcript pages Plaintiff cited do not support her argument that she meets listing 1.04. One page (199, [Dkt. 10-7, p. 48]) does not mention ambulation or use of a cane; another page (205, [Dkt. 10-7, p. 53]) mentions a slow gait and the use of a cane, but it was generated in 2003 before the onset date and also reflects that she cleans her church. On January 12, 2006, (p. 210, [Dkt. 10-7, p. 59]) Plaintiff reported intermittent weakness in her arms and legs and was observed to have a slow and steady gait; Plaintiff reported to the consultative examination on June 1, 2006 using a cane, but the physician reported she did not require use of it, had a strong and steady gait, did not limp, could toe and tandem walk, and could squat without difficulty (p. 344, [Dkt. 10-8, p. 18]).

entry is not uncontroverted–it is controverted by the consultative examiner's report. Further, the undersigned finds the grip strength entry is not significantly probative as Plaintiff's RFC was limited to light work which has the minimal strength demands of occasionally lifting 20 pounds and frequently lifting 10 pounds. The court finds no error in the ALJ's failure to mention the February 2006 entry of 4/5 grip strength.

The court also finds no error in the ALJ's treatment of Plaintiff's Veteran's Administration (VA) disability rating. The ALJ stated the general rule that a VA disability rating is not binding on the Social Security Administration under 20 C.F.R. §§ 404.1504, 416.904. [Dkt. 10-2, p. 10]. Normally, the ALJ is required to explain why he did not find the rating persuasive. *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). In this case, however, aside from the mention in the medical record of the existence of a VA disability rating there is no information about the rating for the ALJ to have discussed. The ALJ obviously considered the VA medical records, because he mentioned those records. [Dkt. 10-2, p. 15]. Under these circumstances there would be no point in remanding the case for the ALJ to state that fact.

Credibility Analysis

"Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." *Diaz v. Sec'y of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990). However, a credibility determination "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (quotation omitted).

The ALJ noted Plaintiff's testimony, including her hand problems and alleged limp and compared the testimony to the medical evidence of grip strength, ability to do fine and gross manipulation, normal limp-free gait, and that she did not require a cane to walk. The ALJ also discussed Plaintiff's claims of mental impairments in relation to her ability to work during the relevant time frame. [Dkt. 10-2, pp. 15-16]. The undersigned finds that ALJ's decision contains an adequate credibility analysis that is properly linked to substantial evidence.

Past Relevant Work

The ALJ found that Plaintiff is not disabled because, during the relevant time frame, she had the ability to return to her past relevant work. In finding that a claimant has the capacity to return to past relevant work, the determination must contain the following specific findings of fact: 1) the individual's RFC; 2) the physical and mental demands of the past work; and 3) that the individual's RFC would permit a return to the past work. Social Security Ruling (SSR) 82-62, 1982 WL 31386, *4. Plaintiff argues that the case should be remanded because the ALJ failed to perform a proper analysis of the precise mental and physical demands of her past relevant work as required by *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996).

The court rejects the contention that the ALJ was required to explore the mental demands of Plaintiff's past relevant work in this case. The ALJ found that Plaintiff's mental impairments did not impact her ability to work and therefore did not include any mental

limitations in the RFC.  Since Plaintiff's RFC contained no mental limitations, it was not necessary for the ALJ to inquire about the mental demands of her past work.[4]

Plaintiff argues that the case should be remanded because the ALJ did not inquire of the vocational expert about the physical demands of her past relevant work and the only information about those demands was provided by Plaintiff in work history reports and by way of her testimony.  The court finds no error in relying on the Plaintiff's description of the demands of her past work.  In *Henrie v. US Dept. Of Health and Human Servs.*, 13 F.3d 359, 361 (10th Cir. 1993), the Court said that at step four the ALJ's duty to develop the record includes the duty to investigate the physical and mental demands of past work and compare them to Plaintiff's capabilities.  In the *Henrie* case, the record was devoid of any information about the demands of the past work as the occupation was not mentioned in the record.

The present case is unlike *Henrie* because the record contains the detailed information Plaintiff provided about her job as a supply tech, including that the job required walking 4 hours per day, standing 2 hours and sitting 3 hours.  She was required to stoop 2 hours,  kneel one hour, and reach 1 hour. She spent 4 hours per day lifting no more than 10 pounds and frequently lifting less than 10 pounds.  [Dkt. 10-6, pp. 5-6].  Although the ALJ did not outline this information in his decision, it cannot be said that the ALJ had insufficient information to determine that the job requirements for a supply tech did not

---

[4] Although the case *Dorman v. Astrue*, 368 Fed. Appx. 864 (10th Cir. 2010), was not cited by Plaintiff, the court has considered the holding therein and has determined that it does not require remand for consideration of the mental demands of Plaintiff's past work.  In *Dorman* the Tenth Circuit interpreted the ALJ's RFC finding as including a mental limitation.  In so far as the RFC contained a mental limitation, the ALJ was required to consider the mental demands of the past work before deciding that the claimant could perform that work.  *Id*. at 866.

conflict with the RFC for a full range of light work. Furthermore, the vocational expert testified she had studied the record concerning Plaintiff's work history and needed no clarification. [Dkt. 10-2, p. 41]. The vocational expert testified that both the supply tech job and the cashier jobs[5] were light exertion. *Id.* The ALJ stated he relied on the vocational expert's testimony that Plaintiff's RFC posed no difficulties in returning to her past work. [Dkt. 10-2, p. 16]. Had the ALJ provided more detail about the demands of the pask work in the decision, it would have forestalled criticism of the decision. However, even though it may be said that the ALJ's decision-writing technique is lacking, the undersigned cannot say that the ALJ failed to adhere to the correct legal standards.

It is an incomplete statement of the ALJ's duty to say that the ALJ is required to inquire about the demands of past work. The reason for inquiry about the demands of the past relevant work is to enable the ALJ to determine whether the claimant retains the ability to return to that work. The thoroughness of the inquiry and the level of detail required about the past relevant work will vary, depending on the particular restrictions contained in the RFC. For instance, in the usual case the ALJ is not required to, and does not, inquire about the speaking requirements of past relevant work. However, if a claimant suffered an injury or condition since last performing a particular past job that rendered his or her speech unintelligible, the amount and type of speech required for a job would be a key inquiry and the ALJ would be remiss not to make such inquiry. Likewise, where the

---

[5] Aside from the vocational expert's testimony, there is no information in the record about the requirements of the cashier job. Even if the vocational expert's testimony were not sufficient, the lack of information about that job would be harmless because the ALJ is not required to identify more than one job. *See* 20 C.F.R. § 404.1566(b) ("Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which you are able to meet with your physical or mental abilities and vocational qualifications.").

RFC contains no environmental limitations, the ALJ is not required to inquire about the amount of noise or dust in the work environment. Where, as here, the only RFC restriction was that Plaintiff was limited to performing a full range of light work, extensive inquiry into the demands of past work is not necessary. In this case, given the ALJ's finding that Plaintiff is capable of performing the full range of light work, it is enough that the ALJ satisfied himself that the past relevant work was light work.

## **Conclusion**

The Court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The Court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED

SO ORDERED this 22nd day of August, 2011.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE